IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TROY COLEMAN, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 23-CV-3599 |
| | : | |
| KENNETH EASON, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

**GALLAGHER, J.**                                                                                                                 **AUGUST 16, 2024**

Plaintiff Troy Coleman, who was formerly incarcerated at SCI Chester, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, asserting violations of his constitutional rights. Currently before the Court are Coleman's Complaint ("Compl." (ECF No. 2)), his Motion for Leave to Proceed *In Forma Pauperis*, and his Prisoner Trust Fund Account Statement (ECF Nos. 11, 3). Named as Defendants are the following SCI Chester employees, all of whom are named in their individual and official capacities: Superintendent Kenneth Eason, Captain of Security Eason, Deputy of Security Aponte, Dr. John Doe, Physician Assistant J. Nicholson, Physical Therapist John Doe, Dr. Little, and Inmate Employment Supervisor Novak.[1] (Compl. at 3-5, 8.) For the following reasons, the Court will grant Coleman leave to proceed *in forma pauperis* and dismiss his Complaint with prejudice.

---

[1] Coleman did not include Novak in the caption of the Complaint or in the list of Defendants but refers to him as a Defendant in the body of the Complaint. (*See* Compl. at 8.)

I.      **FACTUAL ALLEGATIONS**[2]

Coleman, who signed his Complaint on September 5, 2023, alleges that in the summer of 2020 he was working out in the yard at SCI Chester when he felt a pull in his right elbow. (Compl. at 7, 17.) He alleges that he requested medical treatment and was instructed to sign up for sick call. (*Id*.) Coleman was seen by Defendant Nicholson on October 5, 2020, and by Defendant Little on October 19, 2020. (*Id*.) He alleges that both observed atrophy in his right hand and ordered physical therapy. (*Id*.) Defendant physical therapist John Doe then allegedly provided Coleman with paper copies of exercises to perform in his cell, and demonstrated the manner in which the exercises were to be performed. (*Id*.) Coleman alleges that this was the only treatment he received for his injury until he was transferred from SCI Chester to SCI Somerset on August 5, 2021. (*Id*.)

Coleman alleges that while at SCI Chester, he approached Superintendent Eason, Deputy Aponte, and John Doe[3] to show them his hand, advised them that he was experiencing pain and numbness, and requested that they contact the SCI Chester medical department so that he could receive immediate and adequate treatment. (*Id*.) He further alleges that these efforts were unsuccessful. (*Id*.) He alleges that when he showed his injury to Defendant Novak, Novak allegedly told him to stop complaining, stated that "your complaints is [sic] how people get kicked out of here," and began spreading rumors that Coleman was a complainer. (*Id*. at 8.) He

---

[2] The factual allegations set forth in this Memorandum are taken from Coleman's Complaint (ECF No. 2). The Court adopts the pagination supplied by the CM/ECF docketing system.

[3] Coleman named two John Doe Defendants but it is unclear to whom he is referring in this context.

further alleges that Defendant Novak sought to have him transferred from SCI Chester, and that on August 5, 2021, he was transferred to that facility. (*Id*.)

Coleman alleges that after spending his first month at SCI Somerset in the RHU, he was seen by Physician Assistant Roxy Playso, who arranged for him to be seen by an outside physician. (*Id*.) Following a December 5, 2021 examination by Dr. Eddy, and a January 21, 2022 MRI, Coleman alleges he was required to undergo surgery, which was allegedly performed on May 5, 2022. (*Id*.) He alleges that the delay in treatment he experienced while at SCI Chester resulted in the build-up of scar tissue in his hand and that, despite his efforts to rehabilitate his arm and hand through prescribed exercises, he continues to experience pain, numbness, stiffness, and locking of his fingers. (*Id*. at 9.)

Coleman also alleges that while incarcerated at SCI Chester, he complained of stomach pain and a protrusion around his navel, for which he was prescribed a belly wrap but no further treatment. (*Id*.) He alleges that this condition too, required surgery, which was performed while he was incarcerated at SCI Somerset. (*Id*.)

Coleman asserts that his transfer from SCI Chester was arranged by the Defendants in retaliation for his complaints about his medical treatment at that facility and in violation of his First Amendment rights. (*Id*. at 4, 10). He also asserts an Eight Amendment claim for deliberate indifference to his serious medical needs, and a Fourteenth Amendment due process claim. (*Id*. at 4, 11.) He requests money damages and immediate transfer to SCI Chester, where he will be closer to his family.[4] (*Id*. at 10, 11.)

---

[4] It is well-settled that prisoners have no inherent constitutional right to placement in any particular prison, to any particular security classification, or to any particular housing assignment. *See Wilkinson v. Austin*, 545 U.S. 209, 221-22 (2005) (holding that the Constitution does not give rise to liberty interest in avoiding transfers to more adverse conditions of confinement); *Lane v. Tavares*, No. 14-991, 2016 WL 7165750, at *16 (M.D. Pa. July 12, 2016)

3

## II.     STANDARD OF REVIEW

The Court will grant Coleman leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[5] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

As Coleman is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). "This means we remain flexible, especially 'when dealing with imprisoned *pro se* litigants[.]'" *Id.* (quoting *Mala*, 704 F.3d at 244). However, "'*pro se* litigants

---

(same). In light of the Court's disposition of Coleman's claims, it is not necessary to further address this request.

[5] However, as Coleman is a prisoner, he will be obligated to pay the full filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F.3d at 245).

### III.  DISCUSSION

Coleman asserts violations of his First, Eighth, and Fourteenth Amendment rights.  The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).

Coleman's claims, which arise from events that occurred at SCI Chester prior to his transfer to SCI Somerset on August 5, 2021, are time-barred.  The timeliness of a § 1983 claim is governed by the limitations period applicable to personal injury actions of the state where the cause of action arose.  *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009).  The Pennsylvania statute of limitations for a personal injury action is two years.  *Id.* at 634 (citing 42 Pa. Cons. Stat. § 5524(2)); *see also Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010).  Thus, the limitations period applicable to Coleman's constitutional claims asserted pursuant to § 1983 is two years.  A claim accrues "when a plaintiff has a complete and present cause of action, that is, when he can file suit and obtain relief."  *Dique*, 603 F.3d at 185 (quotations omitted).  In general, this means that the statute of limitations will start running at the time the plaintiff "knew or should have known of the injury upon which [his] action is based."  *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998); *see also Montanez v. Sec'y Pennsylvania Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014).  "A complaint is subject to dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint."  *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017).

Based on the allegations pertaining to Coleman's retaliation claim, it is clear from the face of the Complaint that Coleman knew or should have known of any possible constitutional injury at the time he was transferred to SCI Somerset on August 5, 2021. Here, Coleman signed his Complaint on September 5, 2023[6] and it was subsequently filed on filed on September 13, 2023. As both dates more than two years after the last action relevant to his claim, his retaliation claim is time-barred. *See Mattis v. Dohman*, No. 05-0465, 2007 WL 1314891, at *3 (E.D. Pa. May 4, 2007) (granting motion to dismiss where retaliation claim accrued on date of last adverse action relevant to claim and complaint filed more than two years later was time-barred). Coleman's deliberate indifference claim arguably accrued in the summer and fall of 2020, when medical care was allegedly delayed following his summer 2020 injury. The allegations in the Complaint describing his continuing efforts to obtain "immediate and adequate treatment" for the pain and numbness he experienced following the injury suggest that Coleman knew or should have known of the injury upon which this action is based at that time. In any event, this claim, asserted against SCI Chester personnel, accrued no later than August 5, 2021, the day Coleman was transferred from SCI Chester to SCI Somerset.[7] Thus, as with his retaliation claim, Coleman's deliberate indifference claim is time-barred.[8] Because there are no allegations in the

---

[6] Pennsylvania applies the prison mailbox rule, which provides that the "date of delivery of [the pleading] by the [inmate] to the proper prison authority or to a prison mailbox is considered the date of filing of the [pleading]." *Galtoghab v. Doe*, 2016 WL 757739, at *3 (W.D. Pa. 2016) (quoting *Commonwealth v. Little*, 716 A.2d 1287 (Pa. Super. Ct. 1998)). *Macon v. Gressel*, No. 23- 00283, 2024 WL 3497434, at *6 (W.D. Pa. July 22, 2024).

[7] Coleman has not named any SCI Somerset personnel as Defendants in this case. To the extent he seeks to pursue claims against SCI Somerset personnel based on events that occurred at that facility, he may do so in a separate civil action filed in a district where venue would be proper.

[8] As noted, Coleman asserts a claim based on violations of his Fourteenth Amendment rights, based on "disparity of treatment/due process." (Compl. at 4.) Even construed liberally, the Complaint does not allege facts that appear related to any due process violation. Absent factual

Complaint that would support a basis for equitable tolling of the limitations period applicable to these claims, *see Lloyd v. Ocean Twp. Counsel*, 857 F. App'x. 61, 64 (3d Cir. 2021) (*per curiam*) ("Equitable tolling is generally appropriate where: (1) a defendant actively misleads a plaintiff regarding a cause of action . . ."), and it is apparent on the face of the Complaint that Coleman's claims are time-barred, the case must be dismissed with prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Coleman leave to proceed *in forma pauperis* and dismiss his Complaint with prejudice. Coleman will not be granted leave to amend his claims as to do so would be futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). An appropriate Order accompanies this Memorandum.

**BY THE COURT:**

*/s/ John M. Gallagher*
**JOHN M. GALLAGHER, J.**

---

allegations supporting such a claim, it is not plausible. *See Iqbal*, 556 U.S. at 678 (noting that a litigant's conclusory allegations will not suffice to state a claim). This claim will therefore be dismissed. It will be dismissed with prejudice as to the named Defendants, because, as explained, any claim against them accrued no later than August 5, 2021, when Coleman was transferred to SCI Somerset, and is, therefore, time barred.

7